UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GEORGE BARGERON,

Plaintiff,

v.                    4:12-cv-71

DIANE SCHLEICHER, ROBERT BRYSON, and THE CITY OF TYBEE ISLAND, GEORGIA,

Defendants.

# ORDER

## I. INTRODUCTION

Plaintiff George Bargeron moves the Court to reconsider its dismissal of his ADEA discriminatory termination claim. *See* Doc. 14.

## II. STANDARD OF REVIEW

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.,* 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.,* 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

## III. ANALYSIS

Bargeron's motion for reconsideration focuses on his discriminatory termination claim. Bargeron cites *Swierkiewicz v. Sorema N.A.* and argues both that he need not prove but-for causation at the motion to dismiss stage and that he has alleged facts that make a potential finding of but-for causation and age discriminatory termination plausible. *See* Doc. 14 at 2-4; *see also* 534 U.S. 506, 508 (2002).

The Court agrees with Bargeron that he need not *prove* but-for causation at this stage. Despite imprecise language in this Court's May 2, 2012 Order indicating otherwise, the Court ultimately dismissed Bargeron's disparate treatment claims because he failed to allege facts satisfying the plausibility standard. *See* Doc. 13 at 7 (analyzing the factual allegations in the complaint).

"[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz,* 534 U.S. at 515. "But complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal.*" *Henderson v. JP Morgan Chase Bank, N.A.,* 436 F. App'x 935, 937 (11th Cir. 2011); *see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300-01 (11th Cir. 2010) (requiring a post-*Iqbal* hostile work environment claim to allege prima facie elements in order to survive a motion to dismiss).

> [W]hile *Swierkiewicz* made clear that pleading a *McDonnell Douglas* prima facie case was not necessary to survive a motion to dismiss, it did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without

notice of the factual grounds on which they purport to be based.

*Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004).

"[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.,* 129 S. Ct. 2343, 2352 (2009).

Accordingly, although Bargeron's complaint need not have contained specific facts establishing a prima facie discrimination case, the complaint still needed factual matter sufficient to support a reasonable inference that Defendants discriminated against Bargeron because of his age. *See Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540, 542 (N.D. Ala. 2011) ("[A]fter *Gross* (and *Twombly* and *Iqbal*), a plaintiff who brings a claim under the ADEA must allege *facts sufficient to support a reasonable inference* that age was the 'but for' cause of the adverse employment action challenged *under that claim* . . . ."); *Pinkney v. Maverick Condo. Ass'n, Inc.*, 2011 WL 2433505, at *2 (M.D. Fla. June 14, 2011) ("To sufficiently plead an ADEA claim, Plaintiff must allege facts plausibly establishing that her age was a "but-for" cause of her termination . . . .").

"The requisite causal connection between age and termination may be sufficiently pled by, *inter alia*, factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger employee." *Pinkney*, 2011 WL 2433505, at *2. Substantially younger does not necessarily mean that the replacement is under the age of forty. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

Bargeron's complaint alleges that Bargeron was fifty-nine at the time he was fired. *See* Doc. 6 at 4. The complaint also alleges that he was replaced by someone who was "substantially younger." *See id.* at 6. The allegation that Bargeron was replaced by someone "*substantially younger*" is a mere legal conclusion. Thus, Bargeron has failed to plead a plausible case for disparate treatment with regards to his termination.

## IV. CONCLUSION

Accordingly, Bargeron's motion for reconsideration, *see* Doc. 14, is **DENIED**. Bargeron may, however, amend his complaint within thirty (30) days to allege the age of the individual who replaced him. The Court will reconsider his discriminatory termination claim upon the filing of Bargeron's amended complaint.

This 30th day of May 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA